In re BATTLE.

(District Court, E. D. North Carolina. June 19, 1907.)

BANKRUPTCY—DISCHARGE—PREFERENCES.

 A bankrupt borrowed money prior to the filing of his petition in bankruptcy, to secure which he executed a deed of trust to certain personal property, which he claimed belonged to his wife. Thereafter he executed a bill of sale to the lender for a stock of goods and appurtenances, the purchase price being credited on the debt secured by the deed of trust, and omitted to list the property conveyed by the deed in his schedules in bankruptcy. He also claimed that the goods were sold for cash in good faith, while he believed himself perfectly solvent, and that the sale was not made to secure a pre-existing debt. *Held*, that such transfer did not constitute a preference which would bar his application for discharge.

Bunn & Bunn, for creditors.
G. M. T. Fountain, for bankrupt.

PURNELL, District Judge. Certain creditors or a creditor objected to the discharge before the referee, who reports as follows:

"After carefully reading the objections as filed, it appears to the referee that the bankrupt has not been guilty of any of the acts, or failed to perform any of the duties, which would be a bar to his discharge, and therefore recommends that his discharge be granted."

It appears from the record that, prior to the filing of the petition in bankruptcy, the bankrupt, being pressed for money, borrowed money, cash, from John F. Shackleford, and to secure the money thus borrowed executed a deed of trust for certain personal property, and afterwards executed a bill of sale to the party from whom he had thus borrowed for a stock of goods and appurtenances, the price of which, $3,000, was credited on the debt secured by the deed of trust, and failed to list such property in his schedules, with intent to create a preference

and deprive the unsecured creditors of the benefit thereof, which is charged as a fraud.

The objections filed and sent up by the referee does not set out specifically any of the causes for which, under the act of Congress, a discharge can be refused. The bankrupt answered the objections to discharge, admits the execution of the deed of trust, and alleges the property set forth in the deed of trust was the property of his wife and was therefore not included in his schedules, that the stock of goods were sold for cash in good faith, and while he believed himself perfectly solvent, and said sale was not to secure any pre-existing debt.

It is hardly necessary to go into the discussion of what is a preference, which has been so often defined by the courts; suffice it to say this does not seem to be a preference, or a transaction for which a discharge should under the act be refused. The recommendation of the referee that the discharge be granted is therefore approved, and it is ordered that a discharge under the act of July 1, 1898 (the bankrupt act), be granted the petitioner, J. W. B. Battle, according to the prayer of the petition filed.